IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

ALAN ORIA, an individual,

    Plaintiff,

vs.

SUNCREST TOWNHOUSE CONDOMINIUM INC.,
a Florida non-profit corporation,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

Plaintiff, Alan Oria, an individual ("plaintiff") sues the defendant, Suncrest Townhouse Condominium, Inc., a Florida non-profit corporation (hereinafter "defendant association") for damages arising from the association's violation of the Federal Fair Housing Act, or 42 U.S.C. §3604 (hereinafter "the act") and demands a trial by jury regarding all issues so triable as follows.

## INTRODUCTION, VENUE AND JURISDICTIONAL ALLEGATIONS

1. This is an action for damages associated with the association's conduct of violating the act and by discriminating against the owner based on the plaintiff's handicap.

2. The Court has subject matter jurisdiction arising from the violation of the act.

3. The plaintiff resides within the Miami Division of the Southern District of Florida.

4. The defendant association performs the operation and management of that certain building located within the Miami Division, Southern District of Florida.

5. The plaintiff, as tenant, contracted with a certain unit owner within the building for the lease of certain property within the building. The contract with the property owner is subject to the defendant association's governing documents and its rules and regulations. The governing documents are published and recorded in the public records of Miami-Dade County, Southern District of Florida. The governing documents are attached hereto as **EXHIBIT "A".**

*Oria vs. Suncrest Townhouse Condominium Inc.*
*Case No.:*

6. Venue properly lies in the Miami Division of the Southern District of Florida because the parties are residing and/or are doing business in the Southern District of Florida, Miami Division, and the residential property is located within the Miami Division of the Southern District of Florida.

## GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

7. The act prohibits discrimination based on disability in all types of housing transactions[1]. The act defines persons with a disability to mean those individuals with a mental or physical impairment that substantially limits one or more major life activities. The term mental or physical impairment may include conditions such as blindness, hearing impairment, mobility impairment, HIV Infection, mental retardation, alcoholism, drug addiction, chronic fatigue, learning disability, head injury, and mental illness. The term "major life activity" may include seeing, hearing, walking, breathing, performing manual tasks, caring for oneself, learning, speaking, or working.

8. The rules and regulations of the defendant association include, without limitation, those governing applications for sales or leases within the units of the building.

9. The plaintiff, as prospective tenant, sought to lease a unit within the building and complied with the defendant association's rules and regulations through, without limitation, the completion of an application for occupancy dated April 28, 2021. The plaintiff is also disabled, as that term is defined and recognized by the act, because his leg was amputated. He also has a prosthetic leg and a service dog. As a result, the plaintiff completed applications including a request for reasonable accommodation and an animal registration form on May 13, 2021.

10. The defendant association reviewed the applications for housing and, while the application was originally denied, it was later reversed and the plaintiff, therefore, was permitted to reside in the building.

---

[1] The Fair Housing Act (justice.gov)

*Oria vs. Suncrest Townhouse Condominium Inc.*
*Case No.:*

11. The plaintiff accepted residency and complied with all terms and conditions contained in the lease and the rules and regulations governing the defendant association.

12. As a result, in the summer of 2022, the property owner initiated an intent to renew the lease with the plaintiff.

13. The defendant association's governing documents and/or rules and regulations do not vest the defendant association with the authority to approve or disapprove a renewal of a lease with a property owner within the building.

14. Yet, on February 22, 2022, the defendant association, through its counsel, issued a letter. The letter provided pretexual reasons for the defendant association to violate its own governing documents and its rules and regulations by refusing to approve the renewal of the lease between the plaintiff and the property owner of the unit within the building.

16. On or about May 14, 2022, the plaintiff was forced to vacate the unit due to the conduct of the defendant association.

17. The plaintiffs have retained the undersigned law firm and has agreed to pay the undersigned law firm a reasonable fee for the services.

18. All conditions precedent has been met or has otherwise been waived or satisfied.

### COUNT I—VIOLATION OF 42 USCA §3604(f)(1) and (f)(2)

19. Plaintiffs readopt and reincorporate the allegations contained in Paragraphs 1 through 18, inclusive, as if specifically incorporated herein.

20. Plaintiffs bring a cause of action sounding in the violation of 42 USCA §3604(f)(1) and (f)(2) against the defendant association.

21. Subsection 1 of section (f) of the act provides that is unlawful. . ..*to discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of, in part, (i) a renter; (ii) a person residing in or intending to reside in that dwelling after it is. . ..rented or made available or (iii) any person associated with the buyer or renter*". Subsection 2 of section (f) of the act further provides that is unlawful to *"discriminate*

Case 1:22-cv-23364-XXXX   Document 1   Entered on FLSD Docket 10/15/2022   Page 4 of 5

*Oria vs. Suncrest Townhouse Condominium Inc.*
*Case No.:*

*against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of—(i) that person; (ii) a person residing in or intending to reside in the building after it is sold, rented, or made available or (iii) any person associated with that person.* Subsection 3 of section (f) of the act defines the term "discrimination" to include "*a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling*".

22. Plaintiff is a person with a disability that was discriminated by the defendant association in the continued occupancy of the property within the building through refusing to provide further accommodations on the basis of his disability.

23. As a direct and proximate result of the association's violation of the act, the plaintiff has been damaged.

### DEMAND FOR ATTORNEYS' FEES

24. Plaintiffs further demand reasonable attorneys' fees and costs necessitated by bringing the pending action against the defendant association.

**WHEREFORE,** Plaintiff requests a judgment finding that the defendant association's conduct is a violation of the Act and further demands any further relief, including actual damages and reasonable attorneys' fees, costs, and expenses that the Court deems fair, just, and equitable.

### COUNT II—VIOLATION OF 42 USCA § 3617

25. Plaintiff readopts and reincorporates the allegations contained in Paragraphs 1 through 18, inclusive, as if specifically incorporated herein.

26. Plaintiff brings a cause of action sounding in the violation of 42 USCA § 3617 against the defendant association.

27. Defendant association violated 42 USCA § 3617 by engaging in a systematic and continuous course of dealing designed to coerce, intimidate, threaten, or interfere with the Plaintiff in their exercise or enjoyment of residing in the defendant association through its conduct of

Case 1:22-cv-23364-XXXX   Document 1   Entered on FLSD Docket 10/15/2022   Page 5 of 5

*Oria vs. Suncrest Townhouse Condominium Inc.*
*Case No.:*

violating the governing documents by denying the renewal of the lease between the plaintiff and the property owner based on the plaintiff's disability.

28. As a direct and proximate result of such conduct, the plaintiffs have incurred damages.

**DEMAND FOR ATTORNEYS' FEES**

29. Plaintiff demands reasonable attorneys' fees and costs necessitated by bringing the pending action against defendant association.

**WHEREFORE,** Plaintiff requests a judgment finding that the defendant association's conduct is in violation of 42 USCA § 3617 and further demands any further relief, including actual and punitive damages and reasonable attorneys' fees, costs, and expenses that the Court deems fair, just, and equitable.

Dated this the 15th day of October, 2022.

Respectfully submitted,

THE LAW OFFICES OF GEOFFREY D. ITTLEMAN, P.A.
955 S. Federal Highway, Suite 339
Fort Lauderdale, Florida 33316
Tel: (954) 462-8340
Fax: (954) 324-2037
geoffrey@ittlemanlaw.com

-and-

OMID JOHN, P.A.
110 SE 6th Street, Suite 1700
Fort Lauderdale, Florida 33301
Tel: (954) 205-4247
esq@omidjohn.com

By:  /s/ *Geoffrey Ittleman*
Geoffrey D. Ittleman, Esq.
Fla. Bar No.: 377790
Omid J. Esmailzadegan, Esq.
Fla. Bar No.: 1004142